## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA (PITTSBURGH)

REBECCA J. ZEMLOCK,
        Plaintiff,

vs.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; and GENERAL
AUDIT CORP. d/b/a KEYBRIDGE
MEDICAL REVENUE MANAGEMENT;
        Defendants.

CASE NO.  2:21-cv-00247-NR
ELECTRONICALLY FILED

Judge J. Nicholas Ranjan

### TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Original Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union LLC's responses immediately following.

### PRELIMINARY STATEMENT

1.    This action for damages is based on Defendants' ongoing false reporting of a collection account on Plaintiff's credit reports for a debt that was paid before it went to collections, and for Defendants' failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such false information, in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681-168lx.

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against

Trans Union.  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

2.      Plaintiff Rebecca J. Zemlock is a natural person who resides in the city of Penn Runn, County of Indiana, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Defendant General Audit Corp. d/b/a Keybridge Medical Revenue Management ("Keybridge") does business in Pennsylvania and is a "furnisher" as that term is used in 15 U.S.C. § 1681S-2.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.    Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency* as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.    Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

7.    Plaintiff required care from a medical provider.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8.    Plaintiff paid the provider's bill in full in March, 2019, before the account was sent to collections.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.    Subsequently, the provider inadvertently sent the account to its debt collector, Defendant Keybridge, even though Plaintiff had already paid the bill in full.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.     The account never should have gone to collections.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     Keybridge reported the alleged debt to Defendants Equifax, Experian, and Trans Union.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Keybridge reported the alleged debt as a debt in collections.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Keybridge's reporting of the alleged debt as a debt in collections was inaccurate because in fact Plaintiff had no remaining debt at the time the account was sent to collections.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     Because there was no remaining debt at the time the account was sent to collections, there never was a debt in collections for that provider's bill.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.     When Plaintiff discovered the false collection account on her credit reports, she contacted her medical provider.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.     The provider confirmed to Plaintiff that the account had been paid in full and that the provider had made an error in sending the account to collections, but informed Plaintiff that the provider itself did not report to the credit bureaus and thus had no control over what appeared on Plaintiff's credit reports.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Plaintiff notified Keybridge that she had paid her medical bill before the provider had sent the account to Keybridge.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.     Keybridge acknowledged that the bill had been paid, but refused to remove its account from Plaintiff's credit reports.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.     In letters dated March 2, 2020, Plaintiff disputed the Keybridge account to Equifax, Experian, and Trans Union.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

20.    In her dispute letters, Plaintiff explained, "When this account was sent to collections, the account had already been paid."

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21.    With her dispute letters, Plaintiff enclosed copies of the cancelled check showing that the debt had been paid before the date on which the account was sent to collections.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22.    In her dispute letters, Plaintiff suggested that the credit bureaus contact her medical provider to confirm that the bill had been paid before the account had been sent to collections.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which

has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23.     Plaintiff requested that the Keybridge collection account be removed from her credit reports.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24.     Equifax received Plaintiffs dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.     Equifax notified Keybridge of Plaintiffs dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.     In the alternative, Equifax failed to notify Keybridge of Plaintiff's dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.     Equifax did not contact Plaintiffs medical provider.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.     Equifax never responded to Plaintiffs dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.   Plaintiff subsequently obtained a credit report from Equifax, dated July 18, 2020.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.   Equifax's credit report indicated that Equifax would continue to report the Keybridge account in Plaintiffs credit reports.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31.   Equifax included the Keybridge account in a section of Plaintiffs credit report for "Collections," and noted that collections "generally have a negative impact on your credit score."

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.   The indication that the debt had ever been in collections was false.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

33.   The Equifax credit report stated that the "Last Payment Date" for the Keybridge account was Dec 06, 2019.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

34.   The indication that the "Last Payment Date" for the Keybridge account was Dec 06, 2019, was false: Plaintiff sent the payment in March, 2019, and the provider cashed the check in April, 2019.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

35.   Experian received Plaintiffs March 2, 2020, dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

36.   Experian notified Keybridge of Plaintiffs dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

37.   In the alternative, Experian failed to notify Keybridge of Plaintiffs dispute.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

38.   Experian did not contact Plaintiffs medical provider.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

39.   Plaintiff received investigation results from Experian dated March 17, 2020.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

40.   Experian's investigation results indicated that Keybridge had supposedly verified that the account was accurate.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

41.   Experian's investigation results indicated that Experian would continue to report the Keybridge account in Plaintiffs credit reports.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42.   Experian included the Keybridge account in a section of Plaintiffs credit report for "accounts that may be considered negative."

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

43.   The Experian credit report indicated that the Keybridge account had an outstanding balance in July through November of 2019.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

44.   The indication that the Keybridge account had an outstanding balance in July through November of 2019 was false.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

45.   The Experian credit report indicated that the account type was "collection."

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

46.   The indication that the debt had ever been in collections was false.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.   The Experian credit report did not indicate that the Keybridge account was disputed.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

48.     Trans Union received Plaintiff's March 2, 2020, dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

49.     Trans Union notified Keybridge of Plaintiff's dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

50.     In the alternative, Trans Union failed to notify Keybridge of Plaintiff's dispute.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

51.     Trans Union did not contact Plaintiff's medical provider.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52.     Plaintiff received a response from Trans Union dated March 7, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

53.     Trans Union's response indicated that Trans Union would continue to report the Keybridge account in Plaintiff's credit reports.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

54.     Trans Union included the Keybridge account in a section of Plaintiff's credit report for "Adverse Accounts."

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

55.     The Trans Union credit report stated that the "Date Paid' for the Keybridge account was 12/06/2019.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

56.     The indication that the "Date Paid" for the Keybridge account was 12/06/2019 was false: Plaintiff sent the payment in March, 2019, and the provider cashed the check in April, 2019.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

57.     The Trans Union credit report indicated that the loan type was "COLLECTION AGENCY/ATTORNEY."

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

58.     The Trans Union credit report included the remark, "was a Collection."

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

59.     The indication that the debt had ever been in collections was false.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

60.     The Trans Union credit report did not indicate that the Keybridge account was disputed.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

61.     Trans Union did not provide Plaintiff with a notice that an investigation had been completed.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

62.     Trans Union did not provide Plaintiff with a notice of the results of any investigation.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

63.     Trans Union did not provide Plaintiff with a notice that she could request a description of the procedure used to determine the accuracy and completeness of the information

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

64.     Trans Union did not provide Plaintiff with a notice that she could add a statement to her file disputing the accuracy of the information.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

65.     Due to Defendants' respective failures to conduct reasonable investigations of Plaintiffs disputes, the false Keybridge account on Plaintiff's credit reports was not appropriately deleted or modified

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66.     On or about June 23, 2020, Equifax sold a credit report to Citibank, N.A. ("CBNA").

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

67.     CBNA reduced Plaintiff's credit limit on her Sears credit card due at least in substantial part to the false Keybridge account on Plaintiff's Equifax credit report.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

68.     On or about June 19, 2020, Experian sold a credit report to the U.S. Small Business Administration ("SBA").

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

69.     The SBA denied Plaintiff's application for credit due at least in substantial part to the false Keybridge account on Plaintiff's Experian credit report.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

70.     On or about June 23, 2020, Trans Union sold a credit report that included the false Keybridge account to Synchrony Bank.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

71.     As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

72.     Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

73.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## TRIAL BY JURY

74.     Plaintiff is entitled to and hereby requests a trial by jury.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### IB U.S.C. U 1681e(b) and 16811
### EQUIFAX, EXPERIAN, AND TRANS UNION

75.     Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

76.     Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.     As a result of Equifax's, Experian's, and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 168ln and 1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.     Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

79.     Defendants Equifax, Experian, and Trans Union are liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. 1681n and 1681o.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## WHEREFORE.

Plaintiff prays that judgment be entered against these Defendants for:

a.       ) Plaintiff's actual damages;

b.       ) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.       ) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.       ) Such other and further relief as may be just and proper; and

e.       ) Plaintiff seeks an amount in excess of Arbitration limits.

**ANSWER:**     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### COUNTn
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. g 1681s-2(b)
### KEYBRIDGE

80.     Defendant Keybridge willfully and/or negligently violated 15 U.S.C. § 1681 s-2 (b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes) from

one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

81.     As a result of Keybridge's violations of § 1681s-2(b), Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.     Keybridge's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Keybridge pursuant to 15 U.S.C. 1681n and 1681o.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHEREFORE,**  Plaintiff prays that judgment be entered against these Defendants for:

      i.        Plaintiff's actual damages;

      ii.       Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

      iii.     Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

      iv.     Such other and further relief as may be just and proper; and

      v.      Plaintiff seeks an amount in excess of Arbitration limits.

**ANSWER:**    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Trans Union's reports concerning Plaintiff were true or substantially true.

3.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.     Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*s/ Alexander A. Fay*
Alexander A. Fay, Esq.  (IN #36447-49)
 (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400, Ext. 115
Fax:  317-363-2257
E-Mail: afay@schuckitlaw.com

*Lead Counsel for Defendant Trans Union, LLC*

Stanley W. Greenfield, Esq. (PA #00622)
Greenfield & Kraut
6315 Beacon Street
Pittsburgh, PA  15217
Telephone: (412) 261-4466
Fax: (412) 261-4408
E-Mail:  greenfieldandkraut@verizon.net

*Local Counsel for Defendant Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **26th day of February, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Gregory T. Artim, Esq.<br>klmyerslaw@msn.com | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via electronic mail and First Class, U.S. Mail, postage prepaid, on the **26th day of February, 2021**, properly addressed as follows:

| None. | |
|---|---|

*s/ Alexander A. Fay*
Alexander A. Fay, Esq.  (IN #36447-49)
  (admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  317-363-2400, Ext. 115
Fax:  317-363-2257
E-Mail: afay@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*