## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

REBECCA J. ZEMLOCK,

   Plaintiff,

 v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION LLC; and GENERAL
AUDIT CORP. d/b/a KEYBRIDGE
MEDICAL REVENUE MANAGEMENT,

   Defendant.

Case No. 2:21-cv-00247-NR

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

68300223v.1

## PRELIMINARY STATEMENT

### COMPLAINT ¶1:

This action for damages is based on Defendants' ongoing false reporting of a collection account on Plaintiff's credit reports for a debt that was paid before it went to collections, and for Defendants' failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such false information, in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

### ANSWER:

Equifax admits that Plaintiff purports to bring an action for damages pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), but Equifax denies that it violated the FCRA or any other law and further denies that Plaintiff is entitled to any relief whatsoever. Equifax denies the remaining allegations in Paragraph 1.

## PARTIES

### COMPLAINT ¶2:

Plaintiff Rebecca J. Zemlock is a natural person who resides in the city of Penn Runn, County of Indiana, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

### ANSWER:

Upon information and belief, Equifax admits the allegations in Paragraph 2.

### COMPLAINT ¶3:

Defendant General Audit Corp. d/b/a Keybridge Medical Revenue Management ("Keybridge") does business in Pennsylvania and is a "furnisher" as that term is used in 15 U.S.C. § 16818-2.

### ANSWER:

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Defendant Equifax Information Services, LLC ("Equifax") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 168 la(f).

**ANSWER:**

Equifax admits that it is a limited liability company authorized to do business in

Pennsylvania.  Equifax further admits that some of its business activities make it a "consumer

reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining

allegations in Paragraph 4.

**COMPLAINT ¶5:**

Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 5.

**COMPLAINT ¶6:**

Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Pennsylvania and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 168la(f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶7:**

Plaintiff required care from a medical provider.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 7.

**COMPLAINT ¶8:**

Plaintiff paid the provider's bill in full in March, 2019, before the account was sent to collections.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 8.

**COMPLAINT ¶9:**

Subsequently, the provider inadvertently sent the account to its debt collector, Defendant Keybridge, even though Plaintiff had already paid the bill in full.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 9.

**COMPLAINT ¶10:**

The account never should have gone to collections.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 10.

**COMPLAINT ¶11:**

Keybridge reported the alleged debt to Defendants Equifax, Experian, and Trans Union.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

68300223v.1

**COMPLAINT ¶12:**

Keybridge reported the alleged debt as a debt in collections.

**ANSWER:**

Equifax admits the allegations in Paragraph 12.

**COMPLAINT ¶13:**

Keybridge's reporting of the alleged debt as a debt in collections was inaccurate because in fact Plaintiff had no remaining debt at the time the account was sent to collections.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 13.

**COMPLAINT ¶14:**

Because there was no remaining debt at the time the account was sent to collections, there never was a debt in collections for that provider's bill.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 14.

**COMPLAINT ¶15:**

When Plaintiff discovered the false collection account on her credit reports, she contacted her medical provider.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 15.

**COMPLAINT ¶16:**

The provider confirmed to Plaintiff that the account had been paid in full and that the provider had made an error in sending the account to collections, but informed Plaintiff that the provider itself did not report to the credit bureaus and thus had no control over what appeared on Plaintiff's credit reports.

68300223v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 16.

**COMPLAINT ¶17:**

Plaintiff notified Keybridge that she had paid her medical bill before the provider had
sent the account to Keybridge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 17.

**COMPLAINT ¶18:**

Keybridge acknowledged that the bill had been paid, but refused to remove its account
from Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 18.

**COMPLAINT ¶19:**

In letters dated March 2, 2020, Plaintiff disputed the Keybridge account to Equifax,
Experian, and Trans Union.

**ANSWER:**

Equifax admits that it received a dispute letter from Plaintiff dated March 2, 2020.

Equifax states that the dispute letter speaks for itself and to the extent Plaintiff misstates,

misquotes, or mischaracterizes the dispute letter, Equifax denies the allegations.  Equifax denies

the remaining allegations in Paragraph 19.

**COMPLAINT ¶20:**

In her dispute letters, Plaintiff explained, "When this account was sent to collections, the
account had already been paid."

68300223v.1

**ANSWER:**

Equifax admits that it received a dispute letter from Plaintiff dated March 2, 2020.

Equifax states that the dispute letter speaks for itself and to the extent Plaintiff misstates,

misquotes, or mischaracterizes the dispute letter, Equifax denies the allegations.  Equifax denies

the remaining allegations in Paragraph 20.

**COMPLAINT ¶21:**

With her dispute letters, Plaintiff enclosed copies of the cancelled check showing that the
debt had been paid before the date on which the account was sent to collections.

**ANSWER:**

Equifax admits that it received a dispute letter from Plaintiff dated March 2, 2020, which

enclosed a copy of a check paid to the order of Indiana Regional Medical Center.  Equifax states

that the dispute letter and attachments speak for themselves and to the extent Plaintiff misstates,

misquotes, or mischaracterizes the dispute letter and attachments, Equifax denies the allegations.

Equifax denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

In her dispute letters, Plaintiff suggested that the credit bureaus contact her medical
provider to confirm that the bill had been paid before the account had been sent to collections.

**ANSWER:**

Equifax admits that it received a dispute letter from Plaintiff dated March 2, 2020.

Equifax states that the dispute letter speaks for itself and to the extent Plaintiff misstates,

misquotes, or mischaracterizes the dispute letter, Equifax denies the allegations.  Equifax denies

the remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff requested that the Keybridge collection account be removed from her credit
reports.

**ANSWER:**

Equifax admits that it received a dispute letter from Plaintiff dated March 2, 2020. Equifax states that the dispute letter speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the dispute letter, Equifax denies the allegations.  Equifax denies the remaining allegations in Paragraph 23.

**COMPLAINT ¶24:**

Equifax received Plaintiff's dispute.

**ANSWER:**

Equifax admits that it received a dispute letter from Plaintiff in or around March 2020. Equifax states that the dispute letter speaks for itself and to the extent Plaintiff misstates, misquotes, or mischaracterizes the dispute letter, Equifax denies the allegations.  Equifax denies the remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

Equifax notified Keybridge of Plaintiff's dispute.

**ANSWER:**

Equifax admits the allegations in Paragraph 25.

**COMPLAINT ¶26:**

In the alternative, Equifax failed to notify Keybridge of Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Equifax did not contact Plaintiff's medical provider.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 27.

**COMPLAINT ¶28:**

Equifax never responded to Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff subsequently obtained a credit report from Equifax, dated July 18, 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 29.

**COMPLAINT ¶30:**

Equifax's credit report indicated that Equifax would continue to report the Keybridge
account in Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 30.

**COMPLAINT ¶31:**

Equifax included the Keybridge account in a section of Plaintiff's credit report for
"Collections," and noted that collections "generally have a negative impact on your credit score."

**ANSWER:**

Equifax admits the allegations in Paragraph 31.

**COMPLAINT ¶32:**

The indication that the debt had ever been in collections was false.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 32.

**COMPLAINT ¶33:**

The Equifax credit report stated that the "Last Payment Date" for the Keybridge account
was Dec 06, 2019.

**ANSWER:**

Equifax admits the allegations in Paragraph 33.

**COMPLAINT ¶34:**

The indication that the "Last Payment Date" for the Keybridge account was Dec 06,
2019, was false: Plaintiff sent the payment in March, 2019, and the provider cashed the check in
April, 2019.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 34.

**COMPLAINT ¶35:**

Experian received Plaintiff's March 2, 2020, dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 35.

**COMPLAINT ¶36:**

Experian notified Keybridge of Plaintiff's dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 36.

**COMPLAINT ¶37:**

In the alternative, Experian failed to notify Keybridge of Plaintiff's dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 37.

**COMPLAINT ¶38:**

Experian did not contact Plaintiff's medical provider.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 38.

**COMPLAINT ¶39:**

Plaintiff received investigation results from Experian dated March 17, 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 39.

**COMPLAINT ¶40:**

Experian's investigation results indicated that Keybridge had supposedly verified that the
account was accurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 40.

**COMPLAINT ¶41:**

Experian's investigation results indicated that Experian would continue to report the
Keybridge account in Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 41.

**COMPLAINT ¶42:**

Experian included the Keybridge account in a section of Plaintiffs credit report for "accounts that may be considered negative."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 42.

**COMPLAINT ¶43:**

The Experian credit report indicated that the Keybridge account had an outstanding balance in July through November of 2019.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 43.

**COMPLAINT ¶44:**

The indication that the Keybridge account had an outstanding balance in July through November of 2019 was false.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 44.

**COMPLAINT ¶45:**

The Experian credit report indicated that the account type was "collection."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 45.

68300223v.1

**COMPLAINT ¶46:**

The indication that the debt had ever been in collections was false.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

**COMPLAINT ¶47:**

The Experian credit report did not indicate that the Keybridge account was disputed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

**COMPLAINT ¶48:**

Trans Union received Plaintiff's March 2, 2020, dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

**COMPLAINT ¶49:**

Trans Union notified Keybridge of Plaintiff's dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

**COMPLAINT ¶50:**

In the alternative, Trans Union failed to notify Keybridge of Plaintiffs dispute.

68300223v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Trans Union did not contact Plaintiff's medical provider.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

**COMPLAINT ¶52:**

Plaintiff received a response from Trans Union dated March 7, 2020.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

**COMPLAINT ¶53:**

Trans Union's response indicated that Trans Union would continue to report the Keybridge account in Plaintiffs credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

**COMPLAINT ¶54:**

Trans Union included the Keybridge account in a section of Plaintiffs credit report for "Adverse Accounts."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

**COMPLAINT ¶55:**

The Trans Union credit report stated that the "Date Paid" for the Keybridge account was 12/06/2019.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 55.

**COMPLAINT ¶56:**

The indication that the 'Date Paid' for the Keybridge account was 12/06/2019 was false: Plaintiff sent the payment in March, 2019, and the provider cashed the check in April, 2019.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 56.

**COMPLAINT ¶57:**

The Trans Union credit report indicated that the loan type was "COLLECTION AGENCY/ATTORNEY."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 57.

**COMPLAINT ¶58:**

The Trans Union credit report included the remark, "was a Collection."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 58.

**COMPLAINT ¶59:**

The indication that the debt had ever been in collections was false.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

**COMPLAINT ¶60:**

The Trans Union credit report did not indicate that the Keybridge account was disputed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

**COMPLAINT ¶61:**

Trans Union did not provide Plaintiff with a notice that an investigation had been completed.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

**COMPLAINT ¶62:**

Trans Union did not provide Plaintiff with a notice of the results of any investigation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

**COMPLAINT ¶63:**

Trans Union did not provide Plaintiff with a notice that she could request a description of the procedure used to determine the accuracy and completeness of the information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Trans Union did not provide Plaintiff with a notice that she could add a statement to her file disputing the accuracy of the information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 64.

**COMPLAINT ¶65:**

Due to Defendants' respective failures to conduct reasonable investigations of Plaintiffs disputes, the false Keybridge account on Plaintiff's credit reports was not appropriately deleted or modified.

**ANSWER:**

Equifax denies the allegations in Paragraph 65.

**COMPLAINT ¶66:**

On or about June 23, 2020, Equifax sold a credit report to Citibank, N.A. ("CBNA").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 66.

**COMPLAINT ¶67:**

CBNA reduced Plaintiff's credit limit on her Sears credit card due at least in substantial part to the false Keybridge account on Plaintiffs Equifax credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 67.

**COMPLAINT ¶68:**

On or about June 19, 2020, Experian sold a credit report to the U.S. Small Business Administration ("SBA').

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 68.

**COMPLAINT ¶69:**

The SBA denied Plaintiff's application for credit due at least in substantial part to the false Keybridge account on Plaintiffs Experian credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 69.

**COMPLAINT ¶70:**

On or about June 23, 2020, Trans Union sold a credit report that included the false Keybridge account to Synchrony Bank.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 70.

**COMPLAINT ¶71:**

As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress.

**ANSWER:**

Equifax denies the allegations in Paragraph 71.

**COMPLAINT ¶72:**

Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER:**

Equifax denies the allegations in Paragraph 72.

68300223v.1

**COMPLAINT ¶73:**

At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Equifax denies the allegations in Paragraph 73.

## TRIAL BY JURY

**COMPLAINT ¶74:**

Plaintiff is entitled to and hereby requests a trial by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a trial by jury.  Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### EQUIFAX, EXPERIAN, AND TRANS UNION

**COMPLAINT ¶75:**

Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

**ANSWER:**

Equifax denies the allegations in Paragraph 75.

**COMPLAINT ¶76:**

Defendants Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiffs dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiffs file.

**ANSWER:**

Equifax denies the allegations in Paragraph 76.

**COMPLAINT ¶77:**

As a result of Equifax's, Experian's, and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 77.

**COMPLAINT ¶78:**

Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax denies the allegations in Paragraph 78.

**COMPLAINT ¶79:**

Defendants Equifax, Experian, and Trans Union are liable for Plaintiff's costs and attorney's fees, pursuant to 15 U.S.C. § 1681n and 1681o.

**ANSWER:**

Equifax denies the allegations in Paragraph 79 and further denies that Plaintiff is entitled

to any damages, costs, fees, or other relief from or against Equifax.

## WHEREFORE

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiffs actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Such other and further relief as may be just and proper; and

e.) Plaintiff seeks an amount in excess of Arbitration limits.

68300223v.1

**ANSWER:**

Equifax denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or

against Equifax.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)**
**KEYBRIDGE**

**COMPLAINT ¶80:**

Defendant Keybridge willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by
failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from
one or more consumer reporting agencies, and/or by failing to appropriately report the results of
their investigations, and/or by failing to appropriately modify, delete, and/or block the
information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 80.

**COMPLAINT ¶81:**

As a result of Keybridge's violations of § 1681s-2(b), Plaintiff has suffered actual
damages, including without limitation credit denials, out-of-pocket expenses, detriment to her
credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages
under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 81.

**COMPLAINT ¶82:**

Keybridge's actions and omissions were willful, rendering it liable for punitive damages
and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 82.

68300223v.1

**COMPLAINT ¶83:**

Plaintiff is entitled to recover costs and attorney's fees from Defendant Keybridge pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83.

## WHEREFORE

Plaintiff prays that judgment be entered against these Defendants for:

a.)    Plaintiffs actual damages;

b.)    Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.)    Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.)    Such other and further relief as may be just and proper; and

e.)    Plaintiff seeks an amount in excess of Arbitration limits.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Equifax.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against it.  Equifax is neither incorporated nor headquartered in Pennsylvania, and the conduct giving rise to Plaintiff's claim occurred outside of Pennsylvania and was not targeted at Pennsylvania.

68300223v.1

## SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax.

## THIRD DEFENSE

Facially and as applied, the FCRA violates the First Amendment to the U.S. Constitution by imposing unconstitutional content-, viewpoint-, and speaker-based restrictions on speech. The FCRA is also unconstitutionally vague and overbroad because it fails to define "consumer report" and other key terms sufficiently to allow persons to understand what speech the law prohibits, and the law prohibits much speech that the First Amendment to the U.S. Constitution protects.  In addition, Equifax's accurate reporting of information is protected by the First Amendment to the U.S. Constitution, which prohibits content-, viewpoint-, and speaker-based regulations of speech except in narrowly tailored circumstances not present in this action.

## FOURTH DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

68300223v.1

DATED:  April 5, 2021                    Respectfully submitted,

                                         By: */s/ Vincent M. Roskovensky*
                                             Vincent M. Roskovensky
                                             CLARK HILL PLC
                                             One Oxford Center
                                             301 Grant St., 14th Floor
                                             Pittsburgh, PA 15219
                                             Tel: 412-394-7716
                                             vroskovensky@clarkhill.com

                                             *Attorney for Defendant*
                                             *Equifax Information Services LLC*

68300223v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2021, I electronically filed the foregoing Defendant

Equifax Information Services LLC's Answer and Affirmative Defenses to Complaint with the

Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.


*/s/ Vincent M. Roskovensky*
Vincent M. Roskovensky
Attorney for Equifax Information Services LLC

68300223v.1